### BLISS v. REED.

(Circuit Court, W. D. Pennsylvania. February 8, 1902.)

No. 14, Nov. Term, 1898.

PATENTS—SUIT IN EQUITY FOR INFRINGEMENT—ATTACKING JURISDICTION AFTER DECREE.

Where a suit in equity for infringement of a patent has been heard on the merits, and a decree for complainant entered, which has been affirmed on appeal, in the regular course of procedure the question of jurisdiction is not thereafter open, and defendant will not be given leave to bring forward, by a supplemental bill in the nature of a bill of review, a foreign patent to the same patentee, for the purpose of showing that by reason of the expiration of such patent the one in suit had expired prior to the commencement of the suit; and the court was therefore without jurisdiction in equity, where the identity of the invention claimed in the two patents is so doubtful that bad faith cannot be imputed to the patentee.

In Equity. Suit for infringement of patents. Sur defendant's petition for leave to bring forward by supplemental bill, in the nature of a bill of review, a Canadian patent.

J. H. Whitaker and Lysander Hill, for petitioner.
John R. Bennett and H. H. Bliss, for defendant.

ACHESON, Circuit Judge. The entire subject-matter of this suit belongs to a class over which equity has general jurisdiction, and the case proceeded on the merits to a decree against the defendant (102 Fed. 903), which has been affirmed by the United States circuit court of appeals. In the regular course of procedure, then, the question of jurisdiction is not open. Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005.

This is an application by the defendant for leave to bring forward by supplemental bill, in the nature of a bill of review, a Canadian patent granted to Elward on April 23, 1881, for the term of 15 years, for the purpose of showing that, by reason of the expiration of that patent, the United States patent to Elward, embraced in this bill, had expired before the commencement of this suit, and therefore that the plaintiff should have proceeded at law as to that patent. The defendant's petition alleges that "one of the inventions contained and claimed in said Canadian patent is identical with the invention contained and claimed in Elward's United States patent." The defendant has laid before the court a copy of the Canadian patent. It contains 28 claims, but only one of these claims, namely, claim 21, is alleged to be for the invention contained and claimed in Elward's United States patent.

It is alleged that at the time of the grant of the United States patent to Elward the existence of the Canadian patent was fraudulently suppressed by Elward, and a false oath was made by him that the invention had not been patented to him in any foreign country. It is further alleged that the plaintiff and one of his solicitors knew of the Canadian patent, and of the expiration of the United States patent, when this suit was brought, and that they acted in bad faith in instituting this suit in equity.

I am not satisfied of the truth of any of the allegations impeaching the good faith of Elward, or of the plaintiff or his solicitor. Elward's oath was made on January 22, 1883, after his application had taken the final form in which the United States patent was issued. Now, the United States patent contains a single claim, which is for a specific combination of named elements. Claim 21 of the Canadian patent also is for a specific combination of named elements. It is by no means clear that these two claims are for the same invention. They appear to me to be for materially different combinations. The elements of the two claims, as I read the claims, differ essentially. To say the least of it, identity of the inventions covered by these two claims is so doubtful that Elward might have taken the oath he did, and the plaintiff and his solicitor have proceeded as they have done, in perfect good faith. As the element of bad faith is absent, no sufficient ground for granting this application appears. I am the more satisfied with this conclusion because, in an action at law brought now, the statute of limitations would bar the plaintiff's claim in whole or part.

And now, to wit, February 8, 1902, the application of the defendant for leave to bring forward, by supplemental bill in the nature of a bill of review, the Canadian patent recited in his petition, is denied.